INGRAM, Justice.
Harold E. Daugherty was a former employee of Mutual Life Insurance Company of New York (“MONY”). He sued MONY, Ronald Walker, Joseph C. Riemer, and Jacquelyn R. Mixon, alleging that his reputation had been injured. Specifically, Daugherty alleged in his complaint that he was “permanently injured in that his reputation went from one of a trusted .insurance salesman in Foley, Aabama, and Baldwin County to that of an individual who could not be trusted for anything.” Daugherty died before the ease went to trial. The trial court dismissed the case with prejudice. Daugherty’s executrix appealed.
Aa.Code 1975, § 6-5-462, provides, in pertinent part:
“[A]ll claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives. ...”
Thus, if a plaintiff dies, a pending action for “injuries to the reputation” is extinguished.
■ Daugherty, while employed with MONY, sold “4-pay, no-pay” life insurance policies. In his complaint, Daugherty contended that these policies, as presented to the agents for sale to the public, were such that the policies would pay for themselves after four years of paying the premiums by using the annual growth of the guaranteed cash values to pay the annual premium. In order for the payment system to work, the servicing agent had to properly service the policies. After Daugherty left his employment with MONY, the defendant Joseph Riemer became the-servicing agent on the policies sold by Daugherty. Approximately two years later, policyholders began to complain because their policies had lapsed or were in peril of lapsing. Daugherty contended that MONY and Riemer placed the blame on him for the problems with the policies. Daugherty contended that things came to a head when MONY, Ronald Walker, Joseph Riemer, and Jacquelyn Mixon conducted a meeting with the policyholders. At this meeting, Daugherty contended, MONY, Walker, Riemer, and Mixon accused him of fraud, misrepresentation, failure to properly service his policies, and other wrongdoing. Policyholders wrote complaint letters to the Aabama Department of Insurance and demanded that his-insurance sales license be revoked. Daugherty contended that as a result of this defamation he was forced to file bankruptcy and to defend himself in numerous civil lawsuits, his *858 income was impaired, and he suffered great embarrassment and severe emotional distress.
Daugherty filed this action in September 1990. As noted above, he died before the case went to trial. His counsel then attempted to substitute his estate as the plaintiff and to amend the complaint; the substitution and amendment were ultimately denied. The trial court dismissed the case.
After carefully reviewing the record, we conclude that the trial court was correct in dismissing the case because, under the provisions of § 6-5-462, Daugherty’s cause of action abated upon his death. Therefore, the trial court’s judgment of dismissal is due to be affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.